UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON M. FARR,

    Plaintiff,

v.                                                              Case No. 21-cv-469-pp

WAUKESHA POLICE DEPARTMENT,
and JEREMY BOUSMAN

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT**

---

Plaintiff Jason M. Farr, who at the time he filed his complaint was in custody at the Waukesha County Jail[1] and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his civil rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. Because all parties have not had the opportunity to consent to the authority of a magistrate judge to resolve the case, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint. This case will be returned to Magistrate Judge Stephen C. Dries for further proceedings after entry of this order. This order

---

[1] On June 10, 2021, the court received a letter from a correctional service assistant at the Waukesha County Sheriff's Department, advising the court that the plaintiff had been released from the Waukesha County Jail "to the streets" on June 4, 2021. Dkt. No. 8. The defendant has not contacted the court since or provided the court with his new address.

resolves the plaintiff's motion for leave to proceed without prepaying the filing fee and screens the complaint.

I. **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was in custody when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 30, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $21.80 by May 21, 2021. Dkt. No. 6. The court received that fee on May 7, 2021. The court grants the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee in the manner explained at the end of this order.

II. **Screening the Complaint**

A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by self-represented parties liberally and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names two defendants—the Waukesha Police Department and Waukesha Police Officer Jeremy Bousman. Dkt. No. 1 at 1. The complaint alleges that on January 22, 2021, at approximately 1:00 p.m., defendant Bousman punched the plaintiff in the jaw and "continuously held [the plaintiff's] head" while arresting him. Id. at 2. The plaintiff also alleges that Bousman punched him "in the face in the back seat of a squad SUV;" he asserts that the "whole incident" was captured on video. Id. The plaintiff seeks $15 million in damages. Id. at 4.

C.  Analysis

The plaintiff alleges that Bousman used excessive force in violation of his constitutional rights. "Excessive force claims are reviewed under the Fourth Amendment's objective reasonableness standard." Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015). Whether the force was reasonable should be "analyzed from the perspective of a reasonable officer under the circumstances." Id. Courts consider several factors to determine whether an officer's actions were reasonable, including the severity of the crime for which the person is being arrested, whether the arrestee posed an immediate threat to the officer or other, whether the arrestee was resisting arrest and whether the arrestee was armed. Id.

While the plaintiff's complaint is sparse—one short paragraph—his allegations imply that the circumstances did not warrant Bousman punching him multiple times. Federal Rule of Civil Procedure 8(a)(2) states that a

pleading need only contain a "short and plain statement of the claim showing the pleader is entitled to relief." Also, district courts are entitled to treat *pro se* submissions leniently. See Grady v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016). At this early stage of the litigation, the court concludes that the plaintiff has stated sufficient facts to allow him to proceed on a Fourth Amendment excessive force claim against Bousman.

The court will not allow the plaintiff to proceed on a claim against the Waukesha Police Department. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Waukesha Police Department is not a person. There are some circumstances where a municipality can be sued under §1983. See Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. Webb v. Franklin Cty. Jail, No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Waukesha Police Department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. Whiting v. Marathon Cty. Sherriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004). The court will dismiss the Waukesha Police Department.

### III. Conclusion

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepaying the filing fee is **GRANTED**. Dkt. No. 4

The court **ORDERS** that defendant Waukesha Police Department is **DISMISSED**.

The court **ORDERS** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon defendant Jeremy Bousman under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that defendant Bousman shall file a responsive pleading to the complaint.

The court **ORDERS** that plaintiff must pay the $328.20 balance of the filing fee as soon as he is able. He must send the payments to

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff must clearly identify the payments by the case name and number assigned to this case.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court advises the plaintiff that failure to timely file documents and comply with court-ordered deadlines may result in the dismissal of this case for failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court of his address. The plaintiff's failure to keep the court advised of his address may result in the dismissal of this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

The court **RETURNS** this case to United States Magistrate Judge Stephen C. Dries for further proceedings.

Dated in Milwaukee, Wisconsin this 6th day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**